IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL PRESTON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 11-cv-02551 |
| MICHAEL J. ASTRUE | : | |

ORDER

AND NOW, this 7th day of September 2012, upon consideration of Plaintiff's request for

review (Doc. No. 12), Defendant's response (Doc. No. 14), Plaintiff's reply (Doc. No. 16),

careful review of the Report and Recommendation of United States Magistrate Lynne A. Sitarski

(Doc. No. 20), and consideration of Defendant's written objections to the Report and

Recommendation (Doc. No. 22), IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED;[1]

2. Plaintiff's request for review is DENIED; and

---

[1] Plaintiff's written objections to the Report and Recommendation appears to make a new argument that equivalency assessments can only be made by physicians "designated by the Commissioner." (Doc. No. 22, at 5–6). Because Plaintiff did not raise this issue in the first instance, any objection is waived. New Castle Cnty v. Halliburton NUS Corp., 111 F.3d 1116, 1125 n.10 (3d Cir. 1997) (finding argument was waived due to failure to raise it "before the magistrate judge or the district court in the first instance"). Further, Plaintiff's argument lacks merit because an administrative law judge is not required to appoint a medical expert. 20 C.F.R. § 416.927 (2012). See also Johnson v. Barnhart, 66 Fed. App'x 285, 289 (3d Cir. 2003) (noting a prior Social Security ruling gives administrative law judges "broad discretion in determining whether to call a medical expert to testify"). Contrary to Plaintiff's argument, Social Security Ruling 96-6p does not require medical expert assessments by agency physicians; rather, that ruling addresses the narrow topic of "administrative findings of fact by state agency medical and psychological consultants and other program physicians and psychologists." SSR 96-6p, 1996 WL 374180 (Jul. 2, 1996). Administrative law judges are directed to consider all medical opinions "[r]egardless of [their] source." 20 C.F.R. § 416.927 (2012).

3. Judgment shall be entered in this matter in favor of DEFENDANT.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.